## Laubach *v.* Meyers, Appellant.

[Marked to be reported.]

*Pleading—Statement—Suit on lost instrument.*

The plaintiff's statement upon a lost instrument must aver the actual execution and delivery of the paper upon which suit is brought, and that plaintiff has made a bona fide, diligent and thorough search for the paper, and in the places where it was likely to be found, and that he has not been able to find it.

An averment " that the said plaintiff never negotiated said note, but he has lost or mislaid the same, and, after a diligent search has been unable to find the same," without any averment as to execution or delivery of the paper, is insufficient.

*Affidavit of defence—Surety—Alterations.*

An affidavit of defence to a suit on a lost instrument, an alleged copy of which is set forth in the statement, is sufficient to prevent judgment, if it avers that the copy set forth in the statement is incorrect, that one of the persons whose names appear as a subscribing witness to the instrument had died prior to the date thereof, and that the instrument really signed by the defendant was payable at a date different from that of the copy.

*Blanks not filled up in warrant of attorney.*

Blanks not filled up in a warrant of attorney are inconsistent with an ordinary and properly prepared legal instrument, and cast suspicion upon its integrity.

Argued Feb. 3, 1892.    Appeal, No. 194, Jan. T., 1892, by defendant, Henry F. Meyers, from order of C. P. Lehigh Co., Jan. T., 1892, No. 13, entering judgment for plaintiff, Milton B. Laubach, for want of a sufficient affidavit of defence.    Before, PAXSON, C. J., GREEN, McCOLLUM, MITCHELL and HEYDRICK, JJ.

Assumpsit on a lost instrument in writing.

The plaintiff's statement was as follows:

" The above stated action is founded as follows: The plaintiff sold his store in Bethlehem, Pa., to one Harpel Yearick, and, as a part of the consideration therefor, received a promissory note, of which the following is a correct copy:

" $2,250.                                 Sept. 3rd, 1890.

" One day after date we promise to pay to the order of M.
B. Laubach, at the First National Bank of Bethlehem, two
thousand two hundred and fifty dollars without defalcation,
value received, with interest.   And further do hereby author-
ize and empower any attorney of any court of record of Penn-
sylvania or elsewhere to appear for and to enter judgment
against for the above sum, with or without declaration, with
costs of suit, release of errors without stay of execution and
with per cent. added for collecting fees, and also waive the right
of inquisition on any real estate that may be levied upon to
collect this note, and do hereby voluntarily condemn the same
and authorize the prothonotary to enter upon the fi. fa. said
voluntary condemnation, and further agree that said real estate
may be sold on a fi. fa., and hereby waive and release all relief
from any and all appraisement, stay or exemption laws of the
state now in force or hereafter to be passed.

"  Witness :
"  FRANK MICHAEL,                HARPEL YEARICK, [L. S.]
"  MRS. HENRY F. MEYERS.         HENRY F. MEYERS. [L. S.]

" That the said plaintiff never negotiated or disposed of said
note, but that he has lost or mislaid the same, and after dili-
gent search has been unable to find the same ; that the said
note is now due, owing and unpaid ; that the said plaintiff
caused demand to be made for the payment thereof ; that the
said Harpel Yearick has died since the execution and delivery
of said note ; that, prior to the demand and this suit, the
plaintiff tendered security and bond of indemnity," set out in
full in the statement, indemnifying defendant in case the lost
note should be found.   The bond recited the note as dated
"Sept. 3, 1890, payable on April 1, 1891, with interest from
date."

Plaintiff's statement concludes: " Plaintiff claims that the said
note is now due, owing and unpaid, and, by reason thereof, the
said defendant is indebted thereon to him in the sum of $2,250,
together with interest thereon from Sept. 4, 1890, and an at-
torney's commission of five per cent for collection and costs of
suit."

The affidavit of defence was as follows: " Henry F. Meyers,
the defendant above named, being duly sworn according to law,

deposes and says, that he has a just and legal defence to the claim of the said plaintiff, and to the maintenance of the above stated action, the nature and character whereof is as follows, to wit:

"1. Deponent says, that the said several promises and undertakings in the statement of the plaintiff, mentioned (if any such were made), were made jointly with one Harpel Yearick, and not by the said defendant alone; that the said Harpel Yearick was dead, and letters of administration upon his estate were granted to J. B. Kemerer, Esq., before the commencement of this suit. Wherefore, as the said Harpel Yearick, or his administrators, are not impleaded in the said statement of the plaintiff with the said defendant, the aforesaid action should not be maintained against him, the said defendant, alone.

"2. This deponent further avers, that the copy set forth in the plaintiff's statement is not a correct copy of the writing or paper signed by him. The time of payment, as therein set forth, is stated as one day after the date thereof, viz., Sept. 3, 1890, whereas the paper which this deponent signed was payable on the first day of April, 1891; that Mrs. Henry F. Meyers was not a witness to the paper signed by this deponent, as is set forth in the alleged copy contained in the plaintiff's statement; that said Mrs. Meyers had died in April, 1885, more than five years before the date of said alleged copy; that the name of the said Yearick, who should be codefendant with this deponent, is not *Harper* Yearick, as set forth in said alleged copy, but *P. Harpel* Yearick. (In the copy served on defendant the name *Harper* Yearick appeared.) The said deponent avers, that the matters aforesaid are of the highest importance to him, as affecting his rights, in view of the fact that said paper, upon which the suit is brought, is lost or mislaid, as set forth in the plaintiff's statement. And, further, the deponent avers that no benefit or profit whatever accrued to him, the said defendant, by reason of the sale of the plaintiff's stock or goods to the said Harpel Yearick.

"3. That said plaintiff has not set forth in his statement such facts in regard to a search for the missing paper as, considering the amount and importance thereof, and the situation of this deponent in relation thereto, he, the said deponent is entitled to under the law. Said plaintiff does not state where, when,

or whether or not, he made search for the same among any papers whatever. All of which facts the said plaintiff should establish by legal and competent evidence, in order to protect this deponent's rights in the premises.

" 4. I deny that said plaintiff tendered me a bond of indemnity before commencing this said suit; that the note set forth in the copy of the bond, as contained in said statement, is described as a promissory note, and payable on April 1, A. D. 1891, whereas the copy of the paper upon which this action is brought is dated Sept. 3, 1890, and payable one day after the date thereof, and the same is a copy of a bill-single, and not a promissory note.

" 5. The said deponent further avers, that, upon the paper upon which said suit is founded, he is not severally liable, and he denies that there is now due and owing said plaintiff, from the said defendant, the said sum of $2,250, as claimed by the plaintiff aforesaid. That the paper, upon which the plaintiff founds his action, makes no provision for any definite collecting fee, but the same is left blank, as appears from the plaintiff's statement, and this deponent signed no paper or writing providing for any definite collecting fee or attorney's commission.

" All of which facts this deponent is prepared to prove and establish on the trial of the cause. Wherefore the said plaintiff is not entitled to judgment against this deponent, but should prove his case by legal and competent evidence, so that the rights of this deponent may not be infringed upon and destroyed."

ALBRIGHT, P. J., filed the following opinion:

" The affidavit of defence presents no reason for the denial of judgment in favor of plaintiff. However, as it is averred therein that the lost note was payable on April 1, 1891, (not on Sept. 4, 1890,) and that it contained no promise to pay a definite attorney's fee for collection, judgment will be accorded to plaintiff as if the note were as alleged by defendant, that is, interest will be allowed from April 1, 1891, and no attorney fee. The court has this day ordered the bond of indemnity, described in plaintiff's statement, to be delivered to the prothonotary (which has been done), with directions to deliver it to the defendant on demand. On motion of plaintiff's attor-

ney, judgment is entered for plaintiff, for want of a sufficient affidavit of defence, for the amount of the promissory note described in plaintiff's statement ($2,250), with interest on that sum from April 1, 1891—amount to be ascertained by the prothonotary."

*Error assigned* was the order of the court.

*Wm. C. Loos,* for appellant.—To entitle a party to recover on a lost instrument the proof of the genuineness of the original must be positive; Slone v. Thomas, 12 Pa. 209; Krise v. Neason, 66 Pa. 253; Richards' Ap., 122 Pa. 547; Porter v. Wilson, 13 Pa. 641; McCready v. Schuylkill Navigation Co., 3 Wharton, 423; McReynolds v. McCord, 6 Watts, 288.

Secondary evidence of the contents of a lost instrument can only be admitted after proof of the original existence, due execution, sealing, and delivery of the written instrument, its loss or destruction, and also a reasonable but fruitless search, according to the importance of the paper. 13 American and English Ency. of Law, p. 1119, referring to McReynolds v. Longenberger, 57 Pa. 13; Kaul v. Lawrence, 73 Pa. 410; Watson v. Jones, 85 Pa. 117, 119; 1 Greenleaf on Evidence, § 84 n., 86, 509; 1 Taylor on Evidence, pp. 397–404; 1 Wharton on Evidence, § 129–163; Swift v. Stevens, 8 Conn. 431.

A diligent and bona fide but fruitless search must have been made for the lost paper in all places where it would probably have been kept before evidence can be given of its contents: 13 American and English Ency. of Law, 1097, referring to Davis v. Spooner, 3 Pick (Mass.), 284; Dennis v. Brewster, 7 Gray (Mass.), 351; Haywood R. Co. v. Bryan, 6 Jones (N. Car.), 82; Meek v. Spencer, 8 Ind. 118. The stringency of the rule in regard to the search for lost papers is proportionate to their character and value: Parks v. Dunkle, 3 W. & S. 291; 2 Best on Evidence (Morgan's ed.), § 482; Starkie on Evidence, pp. 532–540; Kearney v. New York, 92 N. Y. 617.

*C. J. Erdman,* for appellee.—The act of 1887 requires the statement to be accompanied by copies of all notes, etc., if any, upon which the plaintiff's claim is founded; that is, if there be any such note in existence. Here the claim is not founded on a note, but upon a lost note, and a copy would not be a necessity.

OPINION BY MR. JUSTICE GREEN, February 29, 1892.

The proceeding in this case is founded upon a note which the plaintiff in his statement, describes as lost or mislaid. The defendant is a surety only, having received no part of the consideration for which the note was given. In the plaintiff's statement there is set forth what is alleged and purports to be a copy of the note in suit. It is not a promissory note, but a single bill, with a warrant of attorney to confess judgment. The plaintiff's statement is not verified by an affidavit, and is not even signed by the plaintiff. It is signed, " C. J. Erdman, plaintiff's attorney." There is no allegation in the statement that the person who signed it had any knowledge of the instrument in suit, or that he had ever seen it, or knew anything of its contents.

The only allegation contained in the statement respecting the loss of the instrument, and the search for it, is in the following words : " That the said plaintiff never negotiated or disposed of said note, but that he has lost or mislaid the same, and, after a diligent search, has been unable to find the same." There is no averment in the statement that the defendant ever executed the instrument, or delivered it to any one. It is perfectly manifest, that if the case were on trial before a jury, and the plaintiff were called as a witness, and testified under oath to every fact contained in the statement, he could not recover.

The proof necessary to a recovery in an action on a lost instrument is quite different from that which is sufficient when the instrument is produced. In McCredy v. The Schuylkill Navigation Co., 3 Wh. 424, we held that evidence of the contents of an instrument alleged to have been lost cannot be given without previous proof of its due execution, which includes proof of its delivery, and where a witness, called to prove the former existence of an instrument, testified that it had been put into the hands of A. as an escrow, and A., on his examination, said that he could not recollect on what occasion, or with certainty, to whom it was given up, and that he should not have given it up without the consent of both parties, it was held that evidence of the contents of the instrument was properly rejected.

In the case of Porter v. Wilson & Kelly, 13 Pa. 641, ROGERS, J., in delivering the opinion of the court, said : " Before evi-

dence can be given of the contents of a written paper it is indispensable to prove, in the first place, the existence and execution of the original instrument; next, to give positive proof of its destruction, or of a diligent search by which its loss has been ascertained: 6 Binn. 234; Meyer v. Barker, 6 Binn. 228. The first inquiry naturally in order is, was the first indispensable prerequisite complied with ? Was there legal and competent proof of the existence and execution of the alleged original article of copartnership ? The copy offered in evidence purports to be witnessed by William Stewart, who being examined, after stating he was in the employment of Holland & Porter, whose business was mining and transporting coal, and the necessary operations connected therewith, the selling of goods, merchandise and provisions, etc., proceeds to state that he knew there were writings between Samuel Holland and David R. Porter, but whether there were articles of copartnership he cannot say. He thinks it probable he witnessed their writings, but he cannot recollect distinctly of signing them as a witness. He thinks those writings were executed about March 1. It must be confessed, the testimony of this witness is vague and shadowy as to the existence and execution of this instrument. He neither identifies the paper, nor does he recollect whether he signed it as a witness, nor does he know whether the evidence offered is a copy of the writing that was executed between the parties. That this, of itself, would not be the proof the law requires is clear. . . . "We take the distinction, which is a clear and marked one, between the proof of a *lost* instrument, and proof of a paper produced and under the inspection of a witness. It is the first class of cases which calls for the stringent proof alluded to, and not the last.

It will be perceived at once, that if distinct proof of the actual execution of a lost instrument is essential to a recovery upon it, it is quite as essential, in a plaintiff's statement of his cause of action, that the fact of the actual execution of the lost instrument should be alleged. Without that fact there is no cause of action, and a statement, the allegations of which do not present the facts which are essential to a cause of action, is fatally defective.

But there is another point of view which is equally fatal to

a right to have judgment on the present statement. The affidavit of defence contains the distinct averment that the Mrs. Henry F. Meyers, whose name appears as a subscribing witness to the paper of which the copy is set out in the plaintiff's statement, died in April, 1885, more than five years before the date of the lost instrument in suit, and that, therefore, she was not a subscribing witness to that instrument. This is a direct and material challenge of the identity of the copy set forth in the statement with the original instrument. Upon the trial, if the copy were offered in evidence, nothing short of the verdict of a jury could settle the question of identity, and it is perfectly manifest that no verdict for the plaintiff could be permitted until after clear and satisfactory testimony had been given in explanation of this most material discrepancy.

In addition to the foregoing, the affidavit expressly avers that the copy set forth in the plaintiff's statement is not a correct copy of the instrument he signed, because the copy is an obligation to pay one day after date, which would be Sept. 4, 1890, whereas the instrument he signed was not payable until April 1, 1891. As the courts are bound by the facts set forth in the affidavit, another fatal discrepancy between the copy and the original appears, which would invalidate the original, if it is really drawn payable one day after date, being dated Sept. 3, 1890. In Miller v. Gilleland, 19 Pa. 119, we held, that, in a suit by a payee against a surety in a note under seal, the alteration of the date of the note from 1836 to 1838, though made at the request of the payee in the presence of the surety, but without his assent, avoided the note as to the surety.

In Marshall v. Gougler, 10 S. & R. 164, it was held, that if the names of subscribing witnesses, not present at the execution, were added to the instrument after execution, with intent to authenticate it, the instrument would be avoided. Such added subscription of the names of witnesses was held to be a material alteration of the instrument itself, for the reasons stated in the opinion, and rendered it void. Prima facie, therefore, when the name of one who was not present at the execution of an instrument appears on it as a subscribing witness, the instrument is invalidated, and the burden of explanatory proof necessary to give it validity is cast upon the plaintiff seeking to enforce it.

The plaintiff's statement also contains no averment of a proper search for the lost instrument. A mere assertion by a plaintiff, or other person attempting to prove a search, when testifying as a witness, in a general way, that he had made diligent search for the instrument, and could not find it, is altogether insufficient to permit proof of contents: Porter v. Wilson, supra. The search must be bona fide, diligent and thorough, and in the places where the paper is likely to be found. The facts which it is necessary to prove must be at least substantially averred in the statement, in order to get judgment in an action on a lost instrument, particularly when the identity of the instrument with the copy set up is denied.

An inspection of the copy set out in the statement exhibits a number of blanks not filled up in the warrant of attorney. Such omissions are inconsistent with an orderly and properly prepared legal instrument, and they cast suspicion upon its integrity.

As the person who signed the statement presumably had no original knowledge of the instrument in suit, and makes no averment that he had ever acquired any knowledge, and as the action is upon a lost instrument, which requires a higher and more rigid line of supporting testimony than where the original is produced, before a recovery can be had upon it, it is very clear to us that the facts in the present case should all be submitted to the determination of a jury.

We are of opinion that it was error to enter judgment for the plaintiff on the statement and affidavit.

Judgment reversed and procedendo awarded.