May 14, 1906.

———o———

No. 3817.

(Court of Appeal, Parish of Orleans.)

JAMES COONEY vs. PAUL ROUSSET.

1. Plaintiff, in a former suit, having set out in unequivocal terms his contract of employment with defendant, cannot now, without making an averment that the difference is due to an error of fact, set up another and different contract.

2. "It is a well settled rule in the administration of justice that a party will not be permitted to deny what he has solemnly acknowledged in a judicial proceeding. The only means of Courts to protect the integrity of judicial proceedings are the sanctity

which the law throws around them.".    23 A. 765; 32 A. 962; 979; 33 A. 1370; 41 An. 533.

Appeal from Civil District Court, Division "E."

McCaleb, McCaleb & Leopold, Plaintiff and Appellant.

Emile Pomes, Defendant and Appellee.

ESTOPINAL, J. On April 16th, 1900, the plaintiff filed his petition claiming of defendant the sum of one thousand three hundred and twenty-six dollars ($1,326.00) ,alleging that the "defendant entered into a contract of agency with him in the year 1897, by which petitioner was to represent the said Rousset in all his real estate, etc., and to receive as compensation the commission of ten per cent on all collections of rent actually made, & etc., and said Rousset is indebted unto plaintiff in the sum of seven hundred and twenty-six dollars ($726.00) for commissions on said collections & etc., plaintiff further alleges that he has been defamed and slandered by defendant by publicly circulating that he is dishonest, and that he has been robbed by this petitioner, all of which is untrue and malicious & etc., that said slander and libel on the part of defendant has damaged petitioner in the sum of three hundred dollars ($300.00), and petitioner further represents that the defendant should be assessed three hundred dollars ($300.00) as exemplary damages as a punishment & etc."

Defendant successfully interposed an exception of vagueness, and the plaintiff was ordered to amend, who accordingly filed a supplemental petition to which he annexed and made part of same a detailed statement showing commissions due thereon, *and, an item of seventy-five dollars ($75.00) designated as extra.*

Defendant again filed an exception avering vagueness, which was sustained and, in time, plaintiff having failed to amend his petition, his suit was dismissed as of non-suit.

On the 6th of January, 1904, plainitff filed his petition on the same cause of action, reciting the contract of employment to be on the basis of ten per cent commission on rents collected, *"and that it was further agreed that plaintiff* was to receive twenty-five dollars ($25.00) per month extra on each and every lease of

each and every house that plaintiff kept rented or secured tenants for upon which a rental of four dollars $4.00) a day was paid, that is to say, for each tenant paying four dollars ($4.00) per day rent during each month petitioner was to receive an additional compensation of twenty-five dollars ($25.00) per month for each of said tenants paying said rental."

Plaintiff's demand for damages set up in the first suit is not urged in the case at bar, and will not be considered, mention being made of it simply in order to complete the history of this litigation.

To this suit defendant plead the general issue.

When the cause came up for trial below it was proceeded with without interruption up to the point where plaintiff endeavored to introduce evidence in support of his claim made for the first time in this proceeding, i. e., the claim for extra compensation.

The defendant objected to the admission of testimony tending to prove any contract or agreement other than that set out in the first suit, on the ground that the contract of employment as originally set out by plaintiff in his first petition was binding upon him, and that he could not contradict the allegations of his original petition and change the substance of his demand.

The objection was sustained, the Court restricted plaintiff in his proof of employment to the allegations of his original petition.

Judgment was rendered in favor of defendant, dismissing plaintiff's demand, from which he appeals, not complaining, however, of the judgment, but that the Judge erred in refusing to admit testimony to show contract of employment other than that urged in his original suit. This petition alone, as we understand the arguments and briefs, is this Court called upon to determine.

The able counsel for plaintiff, with some plausibility, argues that the petition in the second suit introduced no new contract or new matter, but that it is simply an explanation and amplification of the item to be found in the statement annexed to the supplemental petition in the original suit.

A careful consideration of this phase of the matter causes us

to lean to the opinion that the averments of the petition in the present suit, which magnify a small isolated unexplained item of seventy-five dollars ($75.00), designated as *extra,* in the exhibit made part of the supplemental petition in the former suit, into the considerable sum of nine hundred dollars ($900.00), is a rather extensive amplification of the item *extra seventy-five dollars* ($75.00), contained in the exhibit. It is absolutely the recital of another contract as distinct and different from the first in its conditions as two contracts can well be.

It is true that a judgment of non-suit does not bar another suit on the same cause of action, but whether the non-suit be voluntary or unvoluntary issue joined or not, we are of opinion that in a suit, and particularly on one on a contract of employment, the plaintiff cannot avoid the codal provisions which make the averments of his petition a judicial confession, and amounts to full proof against him.

Had plaintiff alleged in the case at bar that the new matter incorporated in his last petition had heretofore been omitted through an error of fact, the issue would be different, but he had not made any such allegation, and is therefore, left without legal prop or pretense to now set up a new and different contract.

C. C. Art. 2289-2291.

In Gaudet vs. Gauthreaux, 40 A.-P.189, the Court said:

"The law holds parties to their allegations of record. It does not allow them to play fast and loose, to falsify what they have solemnly declared to be a fact: the truth." Such averments are the highest evidence against the party making them. They are not subject to explanation or contradiction as extra, as a rule; so that what appears to be of record is to be proved thereby only and nothing conflicting therewith can be admitted." 6M.280, 2An.259-211 5 An. 719; 11 An. 710-23 A. 765; 18 A. 141; 31 A. 564; 30 An. 1309; 32 An. 962-979; 33 A. 1370; 41 An. 553."

Counsel for plaintiff argues very interestingly, and but for the authorities against him he would convince us that his contention applied here.

Counsel says: Marked differences exist, between a voluntary non-suit without exception or plea before issue joined; a volun-

tary non-suit after issue; an involuntary non-suit maintaining exception or plea before issue joined, and an involuntary non-suit after issue joined, in their relations, mutadis mutandis, to the doctrine of estoppel in judicial proceedings." We find in the record the exception filed to the supplemental petition and annexed statement in the former suit, which, though not an answer, has practically the same force and effect that is practically a plea of estoppel, reciting as it does: "That the pleadings are now vague and indefinite, and that the supplemental petition and account filed is entirely at variance with the original petition, and contains facts entirely foreign to the issue originally raised."

But counsel for plaintiff says that there was no issue raised. Perhaps issue was not joined, but the issue was certainly raised, unmistakably. It is now well settled and accepted that the question of estoppel by reason of *judicial admission* may be raised for the first time by objections to the evidence, not, however, in argument or in brief. 23 A. 765.

In Denton vs. Vason 5. An. P. 23: the Court said:

> "The only means under our legislation, within the powers of Court to protect the integrity of their judicial proceedings, are the sanctity which is thrown around them, and the presumption which the law has established in their favor. If all the restraints of justice and truth are lost sight of by litigants, and judicial proceedings are converted into mere machinations for fraud and opposition, the law itself meets the emergency by holding the offending parties to their allegations of record, and not permitting them to falsify what they have solemnly declared to be the truth."

A party cannot divest the averments of his petition of their force as judicial admissions by discontinuing the suit in which the petition was filed.

48 An. 1423; 31 An. 81-104; 30 An. 409; 29 An. 171.

We find no error in the rulings and judgment of the District Judge, and the same is hereby affirmed.