Opinion by
 

 Fine, J.:
 

 William D. Hacker, Sr., appellee, filed a bill in equity against David D. Price, appellant, seeking to compel appellant to transfer to appellee three shares of stock of the Ben Avon Motor Sales, Inc., for $1,500.00, pursuant to the terms of a written agreement, the original of which has been lost. Appellee based his right to relief upon a copy of the agreement taken from the minutes of the corporation. An answer was filed denying the existence or execution of the agreement. The chancellor, after hearing, entered a decree
 
 nisi
 
 granting the prayer of the bill. Appellant’s exceptions to the chancellor’s adjudication were dismissed by the court en banc and a final decree entered.
 

 Findings of fact made by the chancellor and affirmed by the court en banc, when there is evidence to support them, have the force and effect of the verdict of a jury.
 
 Elias v. Scott,
 
 164 Pa. Superior Ct. 329, 333, 64 A. 2d 508;
 
 Lochinger v. Hanlon,
 
 348 Pa. 29, 33 A. 2d 1. Thus considered, the evidence establishes the following. The Ben Avon Motor Sales, Inc., was incorporated on October 25, 1945, and the incorporators subscribed to stock as follows : David D. Price, appellant, 10 shares; William D. Hacker, Sr., appellee, 6 shares
 
 [1]
 
 ; Fred E. Warr, Sr., 5 shares; Dale R. Hacker, 3 shares. Dale R. Hacker never
 
 *406
 
 complied with the terms of his agreement and did not purchase the three shares of stock for which he subscribed. At the organization meeting of the incorporators held on November 3, 1945, at which Martin E. Geary, Esq., attorney for the corporation, was present, it was agreed by all the parties that appellant should purchase, at $500.00 per share, the three shares of stock originally subscribed for by Dale R. Hacker, subject, however, to the right of purchase by either W. D. Hacker or Warr, or both, on certain conditions.
 
 [2]
 
 The agreement was drafted by Geary at this meeting, signed by the three incorporators and a copy thereof, excepting the signatures and seals, was entered in the minute book of the corporation. A subsequent corporation meeting was held on November 28, 1945, at which appellant was present. The minutes of the November 3rd meeting containing the agreement were read and unanimously approved. At that meeting there was a discussion pertaining to the agreement and some question was raised as to whether appellant was going to perform pursuant to its terms. There was not, however, any denial of its existence or execution. Proof of its existence and execution was established by the testimony of Geary, Warr and appellee. The exact terms of the agreement were also established by proof of the copy in the minute book of the corporation. There Avas evidence to the effect that at the November 28, 1945 meeting, appellee stated he Avould like to purchase the three shares of stock, at Avhich time appellant stated it “ . . isn’t very often that I go back on my word but this is one time I have to.” Later the same evening appellant drove Geary to his home and when the agreement concerning the stock
 
 *407
 
 was mentioned appellant repeated what he had said theretofore. From the foregoing, the chancellor concluded that the agreement was in fact consummated, that appellant had defaulted in performance of the duties therein imposed upon him and that appellee was entitled to specific performance. The findings are supported by the evidence and the decree of the lower court must be affirmed.
 

 To recover on an instrument, the original of which has been lost, the burden of proving the loss of the original and that a diligent, bona fide and thorough search was made without success is upon the one offering secondary evidence:
 
 Emig v. Diehl,
 
 76 Pa. 359;
 
 Irwin v. Irwin,
 
 34 Pa. 525;
 
 Laubach v. Meyers,
 
 147 Pa. 447, 23 A. 765. He is also required to prove its former existence, execution, delivery and contents. The evidence to sustain these averments must be clear and convincing :
 
 Mahoney v. Collman,
 
 293 Pa. 478, 143 A. 186; 4 Wigmore, Evidence (3rd Ed.) 1194, p. 337. Whether the party offering secondary evidence has met this burden of proof successfully is a matter to be determined by the trial court and rests largely in the court’s discretion which will not be disturbed on appeal unless there is a manifest abuse thereof:
 
 Gorgas v. Hertz,
 
 150 Pa. 538, 540, 24 A. 756;
 
 Muncey v. Pullman Taxi Service Co.,
 
 269 Pa. 97, 112 A. 30. “Proof of the loss so fully as to exclude every hypothesis of the existence of the original is not required. It is not necessary to prove exhaustively that the paper nowhere exists:”
 
 Ray’s Estate,
 
 304 Pa. 421, 432, 156 A. 64;
 
 Greggerson’s Estate,
 
 344 Pa. 498, 501, 25 A. 2d 711.
 

 There is no merit to appellant’s final complaint that equity is without jurisdiction to decree specific performance. Where, as here, the personalty involved is of such a nature that it cannot be purchased on the market and involves shares of stock and the control of manage
 
 *408
 
 ment in a closely field corporation, equity lias jurisdiction to decree specific performance.
 
 Northern Central Railway Co. v.
 
 Walworth, 193 Pa. 207, 44 A. 253;
 
 Sherman v.
 
 Herr, 220 Pa. 420, 69 A. 899;
 
 Reid v. Rogers Coal Co.,
 
 Pa. 501, 119 A. 594.
 

 Marcfi 14,1950:
 

 Decree affirmed; appellant to pay tfie costs.
 

 Per Curiam,
 

 Tfie foregoing opinion was prepared by Judge Fine before fiis resignation on Marcfi 1, 1950. It is now adopted and filed as tfie opinion of tfie Court.
 

 [1]
 

 By mutual agreement, appellee, on November 3,1945, purchased an additional share making his total stock holdings 7 shares.
 

 [2]
 

 “Three shares at $500 to be issued to David D. Price in consideration of $1500. Said shares, all or any part of them, may be purchased at any time after 30 days from Nov. 3,1945 by E. E. Warr, Sr., W. D. Hacker, Sr., either of them or both at $500.00 per share if repurchased prior to 1947, plus interest at 6% from Nov. 3, 1945.”