Dluge *v.* Robinson, Appellant.

Argued September 17, 1964. Before Ervin, Wright, Woodside, Watkins, Montgomery, and Flood, JJ. (Rhodes, P. J., absent).

*Herbert H. Hadra,* with him *Maurice Freedman* and *Robert H. Arronson,* for appellant.

*Samuel B. Brenner,* with him *Harry N. Brenner,* and *Brenner and Brenner,* for appellees.

OPINION BY FLOOD, J., November 12, 1964:

This is an appeal from a judgment for the plaintiffs in an action against J. Robinson as endorser of two checks, brought by Isaac Dluge, the endorsee. The checks were dishonored by the drawee bank because of insufficient funds in the maker's account. Dluge died after instituting suit and the executors of his estate have been substituted as plaintiffs.

The complaint sets forth that immediately after the bank refused payment and returned the checks to Dluge, he returned them to the defendant with a demand for payment which the defendant refused. The defendant, both in his answer and on the witness stand, denied any demand for payment at the time Dluge returned the checks. When called by the plaintiffs for cross-examination, Robinson testified that the checks had been returned to him by Dluge "for insufficient funds, to give them back to Mr. Wapner [the maker]" and that he turned them over to Wapner and never got them back. Wapner testified that he paid the amount of the checks to Dluge and then tore them up. The trial judge, who heard the case without a jury, overruled an objection to the admission of Wapner's testimony at the trial, but later reconsidered that ruling. Concluding that Wapner was an incompetent witness under the Dead Man's Act of May 23, 1887, P. L. 158, §5, cl. (e), 28 PS §322, she excluded his testimony from consideration in reaching the decision that plaintiffs were entitled to recover on the checks.

1. If the plaintiffs were holders in due course, they would have to prove only (1) that the defendant endorsed the checks and delivered them to Dluge, and (2) that they had been presented to the endorser for payment within a reasonable time. Uniform Commercial Code, Act of April 6, 1953, P. L. 3, as amended, October 2, 1959, P. L. 1023, 12A PS §3-501(1)(b). In the case of an uncertified check this is presumed to be

within seven days after the endorsement. U. C. C., §3-503(1)(e), §3-503(2)(b).

"Presentment is a demand for acceptance or payment . . . by or on behalf of the holder." U. C. C., §3-504(1). The only evidence of any demand was the admission by defendant that he received a letter from Dluge's attorney demanding payment. The defendant did not state when he received this letter. The plaintiffs did not offer the letter in evidence and there is no way to determine from the record when it was sent except that it was presumably sent before the complaint was filed on September 12, 1960, seven months after the checks were dishonored by the drawee bank. Since the defendant denied any demand at the time the checks were returned to him, and the record is otherwise barren of any evidence of demand within seven days, or any reasonable time, after endorsement, the plaintiffs did not establish any right to recover even if they had been holders in due course.

2. The plaintiffs are not holders in due course. Dluge gave the checks to the defendant without any demand for payment, so far as the record shows, and was not in possession of them when the suit was brought. Therefore he was not the holder. " 'Holder' means a person who is in possession of a document of title or an instrument or an investment security drawn, issued or indorsed to him or to his order or to bearer or in blank." U. C. C., §1-201(20). A fortiori, he was not a holder in due course. U. C. C., §3-302(1).

The plaintiffs argue that they may nevertheless recover from the defendant, as the endorser of a "lost" check owned by them, under §3-804 of the Uniform Commercial Code. This section provides: "The owner of an instrument which is lost, whether by destruction, theft or otherwise, may maintain an action in his own name and recover from any party liable thereon upon

due proof of his ownership, the facts which prevent his production of the instrument and its terms . . . ."

There is, however, neither allegation nor proof that the checks were destroyed, stolen or otherwise lost. If the plaintiffs had proved that Dluge had returned the checks with a demand for payment, or that they later demanded that defendant return the checks, they might argue that his failure either to pay or return them constituted a theft or a conversion. U. C. C., §3-419. There was no evidence of such demand and therefore no proof of conversion or theft. The maker, Wapner, testified that he paid Dluge and then destroyed the checks. This testimony was stricken from the record, following the plaintiffs' objection. Therefore there is no evidence in the record of the destruction of the checks. Finally, there is no evidence that they were otherwise lost. "A note cannot be considered to have been lost so as to permit action on it as a lost note if the party in possession of it is known to plaintiff and the ownership is in dispute." 54 C.J.S., Lost Instruments, §1. "An article is 'lost' when the owner has lost the possession or custody of it, involuntarily and by any means, but more particularly by accident or his own negligence or forgetfulness, and when he is ignorant of its whereabouts or cannot recover it by an ordinarily diligent search." Black's Law Dictionary, 4th ed., p. 1096 and cases cited.

Moreover, to recover under §3-804 of the code, the plaintiffs must prove ownership of the checks. Such proof of ownership must be clear and convincing. *Greggerson's Estate,* 344 Pa. 498, 25 A. 2d 711 (1942). In the absence of possession, ownership would usually depend upon proof that the holder did not voluntarily surrender possession unless he did so conditionally upon payment of the checks. Surrender of the checks to a prior party, without payment, and without even a demand for payment, tells against the retention of

ownership, and indicates, if anything, an intention not to hold such party liable on the instrument. Cf. U. C. C., §3-605(1)(b).

The plaintiffs did not prove that the checks were "lost" as that word is used in §3-804 of the code, or that they were still the owners of the checks when suit was brought. More importantly, there is no proof of demand for payment by the plaintiffs when the checks were returned to the defendant. Plaintiffs have therefore failed to prove their right to recover against Robinson whether they are holders or owners of the checks.

The burden upon one not a holder who seeks to recover on a negotiable instrument is a heavy one. The plaintiffs have not sustained it. They must recover, if at all, upon the underlying obligation for which the checks were given.

Judgment reversed and entered for the defendant n.o.v.