600 A.2d 593

The LEHIGH PRESBYTERY, a Pennsylvania
Non–Profit Corporation, Appellant,

v.

MERCHANTS BANCORP, INC., a National
Banking Corporation, Appellee.

Superior Court of Pennsylvania.

Argued Sept. 24, 1991.

Filed Dec. 16, 1991.

Harry A. Dower, Allentown, for appellant.

Donald L. Van Gilder, Allentown, for appellee.

Before ROWLEY, President Judge, and McEWEN and TAMILIA, JJ.

McEWEN, Judge:

This appeal has been taken from judgment entered following denial of appellant's motion for post-trial relief. The trial court, in reliance upon Section 9 of the Uniform Fiduciaries Act, Act of 1923, May 31, P.L. 468, § 9, 7 P.S. § 6393, held that the appellee, Merchants Bancorp, Inc. (hereinafter Bank), was not liable to appellant for the value of negotiable instruments credited to the personal account of an employee of appellant. We find that the Uniform Fiduciaries Act is inapplicable to the facts of this case and therefore reverse.

Ms. Mary Ann Hunsberger was hired by the Lehigh Presbytery as a secretary/bookkeeper. In this capacity, Ms. Hunsberger was responsible for opening the Presbytery's mail, affixing a rubber-stamp indorsement to checks received by the Presbytery, and depositing the checks into the Presbytery's account in appellee's bank. It is not disputed that, over a period of more than five years, Ms. Hunsberger deposited into her own account 153 of these checks. The Bank credited the checks to Ms. Hunsberger's account, despite the rubber-stamp restrictive indorsement,[1] because it relied solely on the account number handwritten on the deposit slips submitted by Ms. Hunsberger with the checks at the time of deposit. Ms. Hunsberger obtained the

1. Each check was indorsed: "For Deposit Only To The Credit of Presbytery of Lehigh, Ernest Hutcheson, Treas."

deposit slips in the lobby of the bank, wrote the proper account title, "Lehigh Presbytery," but inserted her own account number rather than the account number of her employer.

Upon discovery of the diversionary scheme, appellant filed suit against the Bank to recover the funds credited to Ms. Hunsberger's account, alleging breach of express and implied contract. Trial without a jury resulted in a verdict in favor of the appellee. Appellant's motion for post-trial relief was denied and this appeal timely followed.

Appellant's sole argument on appeal is that the Uniform Commercial Code (hereinafter U.C.C.) rather than the Uniform Fiduciaries Act controls disposition of this case. Appellant contends that, pursuant to the relevant sections of the U.C.C., appellee was legally bound to follow the restrictive indorsements on the 153 checks deposited instead to the personal account of appellant's employee.

The U.C.C. § 3–205, 13 Pa.C.S. § 3205 provides:

An indorsement is restrictive which either:

(1) is conditional;

(2) purports to prohibit further transfer of the instrument;

(3) includes the words "for collection," "for deposit," "pay any bank," or like terms signifying a purpose of deposit or collection; or

(4) otherwise states that it is for the benefit or use of the indorser or of another person.

It is undisputed that the indorsement stamped on each check by Ms. Hunsberger is a restrictive indorsement within the meaning of Section 3205.

Section 3–206 of the U.C.C., 13 Pa.C.S. § 3206, addresses the effect of such an indorsement and provides, in pertinent part:

(c) Conditional or specified purpose indorsement.—Except for an intermediary bank, any transferee under an indorsement which is conditional or includes the words "for collection," "for deposit," "pay any bank," or like terms

(section 3205(1) and (3) (relating to restrictive indorsements)) must pay or apply any value given by him for or on the security of the instrument consistently with the indorsement and to the extent that he does so he becomes a holder for value....

Thus, the U.C.C. mandates application of the value of the checks consistently with the indorsement, i.e., for deposit to Lehigh Presbytery's account.

Courts considering the significance of a restrictive indorsement have consistently concluded that the U.C.C. imposes an unwaivable obligation upon the bank to honor the indorsement. The Colorado Supreme Court concluded that "[t]he duty to examine a restrictive indorsement and follow its directions may require a bank to refuse to deposit an item in a particular account if such conduct would be inconsistent with the restrictive indorsement, or to investigate rather than accept an item as a matter of course." *La Junta State Bank v. Travis,* 727 P.2d 48, 54 (Colo.1986). New York State's highest court has held that "[t]he presence of a restriction imposes upon the depository bank an obligation not to accept that item other than in accord with the restriction. By disregarding the restriction, it not only subjects itself to liability for any losses resulting from its actions, but it also passes up what may be the best opportunity to prevent the fraud." *Underpinning & Foundation Constructors, Inc., v. Chase Manhattan,* 46 N.Y.2d 459, 469, 386 N.E.2d 1319, 1324, 414 N.Y.S.2d 298, 303 (1979). *See also Cairo Co–Op. Exch. v. First National Bank of Cunningham,* 228 Kan. 613, 620 P.2d 805 (Kan.1980) (bank liable for failure to honor restrictive indorsements); *AmSouth Bank, N.A., v. Reliable Janitorial Service, Inc.,* 548 So.2d 1365 (Ala.1989) (where bank credited checks to account number on deposit slip and disregarded restrictive indorsement, bank liable for conversion pursuant to mandate of U.C.C. §§ 3–205 and 3–206).

Appellee argues that the U.C.C. is inapplicable because the Bank acted in accordance with the Uniform Fiduciaries Act, 7 P.S. § 6351 et seq., which, they contend, enables

them to ignore the restrictive indorsement when the party depositing the check is a fiduciary. Appellee misapprehends the language and purpose of the Uniform Fiduciaries Act.

The Uniform Fiduciaries Act was designed to facilitate banking transactions by relieving the depositary of the responsibility of seeing that an authorized fiduciary uses entrusted funds for proper purposes. *Robinson Protective Alarm Co. v. Bolger & Picker*, 512 Pa. 116, 124, 516 A.2d 299, 304 (1986). The Act accomplishes this objective by shielding a depositary from liability where it applies funds *consistently with the indorsement* on a negotiable instrument in reliance upon a fiduciary's authority to so indorse the instrument, without further inquiry into the fiduciary's actual authority to so apply the entrusted funds. The Act is thus in harmony with the clear mandate of the Uniform Commercial Code that a bank must apply funds consistently with restrictive indorsements. The Uniform Fiduciaries Act was not designed to relieve a depositary from liability where, as here, the Bank followed the instructions of a fiduciary which conflicted with the indorsement on the instrument negotiated.

We have reviewed each of the cases offered by appellee in support of its interpretation of the Uniform Fiduciaries Act and find that in none of the relied upon cases did a bank disregard a restrictive indorsement. Rather, in cases in which a bank was relieved of liability by the Act, it was because the bank relied upon the authority of a fiduciary when they applied funds consistently with the indorsement on an instrument.

Appellee cites *Jones v. Van Norman*, 513 Pa. 572, 522 A.2d 503 (1987), to support its argument that the appellant assumed the risk of its fiduciary's competence and honesty. The fiduciary in *Jones* was authorized to indorse her principal's name and the bank applied funds consistently with the fiduciary's authorized indorsement without knowledge that the fiduciary was not authorized to cash the indorsed checks. The case is inapposite to the instant case because Ms. Hunsberger was only authorized to stamp a restrictive

indorsement on the checks, and because the bank did not apply the funds consistently with the indorsements. Nevertheless, the discussion of our Supreme Court in *Jones* of the scope of Section 9 of the Act is instructive and consistent with our conclusion that the Uniform Fiduciaries Act will not protect a bank from liability unless it relies on a fiduciary with the authority to indorse checks payable to her principal. The Court stated: "unless the bank has actual knowledge that the fiduciary is committing a breach of his obligation as fiduciary, it is justified, if the fiduciary is empowered to endorse checks payable to his principal, in accepting them as a deposit to his personal account." *Jones v. Van Norman,* supra, 513 Pa. at 581 n. 6, 522 A.2d at 508 n. 6, *quoting Bacher v. City National Bank of Philadelphia,* 347 Pa. 80, 89, 31 A.2d 725, 727 (1943). *See also Levy v. First Pennsylvania Bank N.A.,* 338 Pa.Super. 73, 487 A.2d 857 (1985) (the Uniform Fiduciaries Act relieves banks of liability only when the fiduciary has the power to indorse). Ms. Hunsberger did not have authority to indorse checks payable to her principal nor did she ever exceed her limited authority to rubber-stamp the restrictive indorsement of the Presbytery's Treasurer.

Our Supreme Court's discussion of irregular conduct on the part of a fiduciary in *Robinson Protective Alarm Co. v. Bolger & Picker,* 512 Pa. 116, 516 A.2d 299 (1986), is similarly consistent with our ruling in the instant case.[2] Although *Robinson* is distinguishable from the instant case on its facts and the law applied thereto, the Supreme Court,

**2.** Appellee incorrectly cites *Robinson* in support of its contention that it should be relieved of liability because it acted without actual knowledge and in good faith. In *Robinson,* the bank released funds to a fiduciary on his oral instructions, without obtaining his indorsement, because he was a fiduciary known to bank officials as the person authorized to receive such funds. Interpreting Section 2 of the Uniform Fiduciaries Act, 7 P.S. § 6361, the Supreme Court held that where a depositary acting in good faith pays money to a fiduciary authorized to receive it, the payor bears no liability for a subsequent misappropriation of those funds by the fiduciary. *Robinson Protective Alarm Co. v. Bolger & Picker,* 512 Pa. 116, 123, 516 A.2d 299, 303 (1986). The Bank's good faith argument fails because Ms. Hunsberger was not authorized to receive the funds, and because good faith

addressing the general design of the Uniform Fiduciaries Act, pertinently held that "the UFA does not permit a bank to ignore an irregularity where it is of a nature to place one on notice of improper conduct by the fiduciary." In the instant case, we find that the conflict between the restrictive indorsement on the checks and the account number on the deposit slips is so irregular as to give rise to a duty on the part of the Bank to refuse to deposit the checks without further inquiry.

We therefore conclude that 13 Pa.C.S. §§ 3205 and 3206 are controlling on the facts of this case and that Section 9 of the Uniform Fiduciaries Act is inapplicable.[3]

Judgment reversed. Case remanded. Jurisdiction relinquished.[4]

would, under no circumstances, excuse the Bank's obligation to follow a restrictive indorsement.

3. We also note that appellee's reliance upon 13 Pa.C.S. § 4406, in support of its estoppel by negligence defense, is misplaced. Section 4406 governs a customer's duty to discover unauthorized signatures or alterations on items drawn on his account. The checks in question were not drawn on the appellant's account and did not appear as debits on the Presbytery's monthly statements. Nor did Ms. Hunsberger accomplish the diversion by unauthorized signature or alteration of the instrument itself.

4. We are unable to review the statute of limitations defense raised by the appellee since there are relevant factual issues outstanding.