**Peaceman v. PNC Bank**

C.P. of Montgomery County, no. 94-20125.

*Brian Scott Dietrich,* for plaintiff.
*Daniel S. Bernheim,* for defendant.

CARPENTER, *J.,* May 22, 1996—

## FACTS AND PROCEDURAL HISTORY

By orders dated March 13, 1996, this court entered summary judgment in favor of Brian Alan Peaceman and against PNC Bank N.A. in the amount of a certificate of deposit which was the subject of the dispute, together with accrued interest and denied PNC Bank N.A.'s

cross-motion for summary judgment. PNC Bank N.A. appealed both orders to the Superior Court.

The crux of this dispute is a piece of paper, the original of which no longer exists because it was improperly and illegally redeemed by appellant. This piece of paper was a certificate of deposit purchased from appellant on May 4, 1982 in the amount of $39,362.91, designated as certificate of deposit no. 981884, account number 025-087-2. The inscription read, "for the credit of Brian Alan Peaceman, a minor, not to be withdrawn until [sic] he reaches the age of majority, except by court order." Further, the certificate of deposit provided that interest would be paid at a rate of 13.03 percent by crediting a savings account numbered 87992835-4. The savings account bore the same restriction on withdrawal as the certificate. The certificate matured on November 2, 1982, but if not redeemed on maturity, the certificate was to be automatically renewed under the same terms and conditions.

Brian Peaceman had received the funds for the certificate of deposit as a result of a wrongful death and survival action brought after his father's death. Because Brian was just 10 years old when the case settled, the Philadelphia Court of Common Pleas of Philadelphia County ordered that his settlement be deposited into an account with the restriction as later notated on the certificate of deposit purchased from appellant.

Brian Alan Peaceman reached age 18 on December 7, 1990. In the summer of 1994 and after learning of the existence of the certificate of deposit, Peaceman, through his attorney, made demand for payment. When payment was not forthcoming, he commenced suit against appellant on October 18, 1994. In its answer, the bank stated that the certificate presented was valueless and had been redeemed and deposited into the

savings account numbered 87992835-4 on December 22, 1982. Then, on January 23, 1983, all the funds were withdrawn. Because the bank does not keep records for more than the required seven years, no paper trail exists. The bank has no explanation of how the certificate was redeemed and the funds were later withdrawn, other than assertions by Peaceman's mother that she withdrew the funds and utilized them for her son's benefit. Appellant has filed a third-party complaint against Peaceman's mother, Sharon Peaceman Goldberg.

At the time Peaceman filed his motion for summary judgment, the pleadings were closed, and this matter had been praeciped for trial. On March 13, 1996, this court issued two orders—one granting summary judgment in favor of Peaceman and one denying appellant's crossmotion for summary judgment. The Superior Court quashed appellant's appeal of our order denying its crossmotion for summary judgment.

In appealing our grant of summary judgment in favor of Peaceman, appellant has filed a concise statement of matters complained of. Appellant contends that this court should not have granted summary judgment because issues of fact remain as to whether Peaceman is entitled to recover on the certificate of deposit. Moreover, appellant asserts that Peaceman's claim is barred by the applicable statute of limitations. We disagree with these contentions and believe the instant appeal should be quashed as interlocutory, as the grant of summary judgment did not dispose of the third-party claim by appellant against third-party defendant, Sharon Peaceman Goldberg.

## ISSUES

I. Whether this appeal should be quashed as interlocutory?

II. Whether this court properly granted summary judgment?

III. Whether this court properly found that Peaceman's claim was within the applicable statute of limitations?

## DISCUSSION

### I. *This Appeal Should Be Quashed As It Is Not a Final Order Under Pa.R.A.P. 341*

It is this court's position that the Superior Court need not consider appellant's appeal on the merits. We believe it is premature and should be quashed as interlocutory. In 1992, the Rules of Appellate Procedure were amended, creating two classes of interlocutory orders not appealable as of right. *Womeldorf by Womeldorf v. Cooper,* 654 A.2d 238, 240 (Pa. Commw. 1995). Orders that dispose of less than all claims or parties are governed by Pa.R.A.P. 341(c), whereas all other interlocutory orders are controlled by Pa.R.A.P. 312. *Id.* at 240-41. The instant appeal is governed by Pa.R.A.P. 341(c), as the order granting summary judgment in favor of Peaceman did not dispose of all claims or parties.

Pennsylvania Rule of Appellate Procedure 341(c) provides:

"When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim or third-party claim or when multiple parties are involved, the trial court or other governmental unit may enter a final order as to one or more but fewer than all the claims or parties only upon an express determination that an immediate appeal would facilitate resolution of the entire case. Such an order becomes ap-

pealable when entered. In the absence of such a determination and entry of a final order, any order or other form of decision that adjudicates fewer than all the claims or parties shall not constitute a final order."

In the instant case, appellant filed a third-party complaint against additional defendant, Sharon Peaceman Goldberg. Our order granting summary judgment in favor of Peaceman and against appellant did not dispose of appellant's third-party claim. Where the order involves only one of several defendants, the procedure set forth in Pa.R.A.P. 341(c) must be followed. *Womeldorf, supra,* at 241. This procedure requires that for a determination as to less than all the parties or less than all the claims to be considered a "final order," the court must make an express determination that an immediate appeal would facilitate resolution of the entire case. In the instant case, this court never made such an express determination and was not asked to do so.

The Superior Court had occasion to consider the finality of an order granting summary judgment as to only one of the parties in *Bonner v. Fayne,* 441 Pa. Super. 432, 657 A.2d 1001 (1995). In *Bonner,* the trial court's grant of summary judgment left three defendants in place, and thus, did not dismiss the action against all parties. *Id.* at 436, 657 A.2d at 1003. In reviewing the record, the Superior Court found that the summary judgment order had not been modified to show an "express determination that an immediate appeal would facilitate resolution of the entire case." *Id.* (quoting Pa.R.A.P. 341(c)). Accordingly, the court quashed the appeal as premature. *Id.*

While the present case involves a grant of summary judgment as to the plaintiff rather than a defendant, it is our belief that *Bonner* is still controlling. Our

order granting summary judgment leaves intact appellant's cause of action against defendant, Sharon Peaceman Goldberg. Further, appellant has not asked this court to modify that order to include a determination of finality. Hence, we believe the appeal should be quashed as interlocutory.

## II. *The Trial Court Properly Granted Summary Judgment in Favor of Peaceman*

Appellant contends that this court should not have granted summary judgment. In support of this contention, appellant complains that: (1) numerous factual disputes remain, (2) this court did not read the record in a light most favorable to the non-moving party, and (3) the entry of summary judgment places the burden of proving lack of genuine issues of material fact on defendant. (See appellant, PNC Bank National Association's concise statement of matters complained of, paragraphs 1-6.)

The standard of review in assessing the grant of a motion for summary judgment is as follows: Summary judgment is proper when the court views the record (including the pleadings and depositions, if any, answers to interrogatories, admissions on file and supporting affidavits) in a light most favorable to the non-moving party and finds that the record shows that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Snyder v. Specialty Glass Products Inc.,* 441 Pa. Super. 613, 627, 658 A.2d 366, 377 (1995); *Zearfoss v. Frattaroli,* 435 Pa. Super. 565, 567, 646 A.2d 1238, 1239 (1994); 42 Pa.C.S. §1035(b). For a fact to be "material," it must affect the outcome of the case. *Beach v. Burns In-*

*ternational Security Services,* 406 Pa. Super. 160, 164, 593 A.2d 1285, 1286 (1991). In the instant case, this court applied the proper standard of review and concluded that no genuine issues of material fact existed, and Peaceman was entitled to judgment as a matter of law.

In its concise statement, appellant recites a laundry list of "genuine factual disputes." Since these issues are not material to appellant's liability to Peaceman, though, we simply do not care if they are disputed. Appellant's liability hinged on whether Peaceman's mother had authority to redeem the certificate of deposit without a court order. She did not.

The parties do not dispute the operative facts. They agree that the certificate of deposit presented by Peaceman was authentic. They agree that if the certificate was not redeemed at maturity, it was automatically renewed under the same terms and conditions. They agree that the certificate contained the restriction that the funds were not to be withdrawn until Peaceman reached the age of majority, except by court order. Most importantly, the parties agree that there was no court order allowing the withdrawal of the funds of the certificate of deposit,[1] yet the certificate of deposit was redeemed and the funds withdrawn from the bank on January 23, 1983, well before Peaceman reached majority.

Appellant complains that, in granting summary judgment, this court has shifted the burden of proving lack of genuine issues of material fact to appellant. This

---

1. In response to plaintiff's request for admission number five, appellant admitted that after reasonable investigation it was unaware of a Philadelphia court order allowing withdrawal of the funds. Additionally, at oral argument, the parties agreed that there was no court order in Philadelphia or the surrounding five-county area.

simply is not true. However, appellant, as non-moving party, cannot rest on mere conclusory allegations and must adduce some evidence to support its position. See *Travelers Indem. Co. v. Stedman,* 910 F. Supp. 203 (E.D. Pa. 1995). See also, *Johnson v. Harris,* 419 Pa. Super. 541, 549, 615 A.2d 771, 775 (1992) (when summary judgment motion made, non-moving party may not rest on averments in pleadings and must show genuine issue of fact exists). Obviously, appellant cannot do so since it has no documentation of the transaction. It cannot explain how or why the funds were withdrawn in violation of the court order. It offers up only that the bank retention records statute does not require appellant to retain records beyond seven years. The fact that there may be uncertainty as to the manner in which the account was closed[2] or what the funds were used for[3] is irrelevant. Under the operative facts, there is nothing to shield the bank from liability.

The Uniform Fiduciaries Act shields depositary banks from liability in certain instances. However, the Act does not relieve a bank from liability unless the fiduciary actually has authority to indorse the instrument, and the bank has no actual knowledge that the fiduciary is breaching his or her duty. *Jones v. Van Norman,* 513 Pa. 572, 581 n.6, 522 A.2d 503, 508 n.6 (1987); *Strong v. City National Bank of Philadelphia,* 355 Pa.

---

2. Appellant argues that because neither party can produce documentation as to the manner in which the account was closed, and appellant disputes that the account was improperly closed, there exists a genuine issue of material fact.

3. In third-party defendant Goldberg's affidavit, she states that the funds were used for Peaceman's benefit and that Peaceman was aware of the funds and aware that they were used for his benefit. This statement is self-serving and cannot be used to relieve the bank of liability.

390, 393, 50 A.2d 323, 325 (1947); *Lehigh Presbytery v. Merchants Bancorp Inc.,* 410 Pa. Super. 557, 562, 600 A.2d 593, 596 (1991). Even if the fiduciary has authority, though, "the UFA does not permit a bank to ignore an irregularity where it is of a nature to place one on notice of improper conduct by the fiduciary." *Robinson Protective Alarm Co. v. Bolger & Picker,* 512 Pa. 116, 123, 516 A.2d 299, 303 (1986).

In the present case, appellant cannot hide behind the Uniform Fiduciaries Act. Appellant admits that the certificate was payable to Peaceman. His mother had no authority to withdraw the funds. Period. Furthermore, the transaction was certainly irregular. In the absence of a court order, the certificate of deposit was not to be redeemed until Peaceman reached majority. The bank was not presented with a court order authorizing release of the funds, nor had Peaceman reached majority. It is difficult to fathom how the appellant could not have, under the circumstances, noticed improper conduct. Despite the lack of fiduciary authority and obvious irregularities, though, the bank permitted the funds to be withdrawn not once, but twice—once when the certificate was redeemed and the proceeds placed into a savings account and again when the account was emptied. The bank was not permitted to redeem the certificate, yet it did so anyway. Its liability to Peaceman is clear.

Appellant contends that Peaceman cannot assert a claim upon the certificate of deposit because he does not assert that he possesses the original certificate of deposit and thus is not a holder thereof under article 3 of the Pennsylvania Uniform Commercial Code.[4] In

___

4. Although Pennsylvania's Commercial Code was revised in 1992, because the events in this case took place prior to the revisions, the older statutory sections are applicable. See *Universal Premium*

support thereof, appellant cited 13 Pa.C.S. §3301 and the case of *Dluge v. Robinson,* 204 Pa. Super. 404, 204 A.2d 279 (1964). The code and *Dluge,* however, do not support appellant's contention.

Section 3301 titled "rights of a holder" provides in pertinent part that, "[t]he holder of an instrument whether or not he is the owner may transfer or negotiate it and . . . discharge it or enforce payment in his own name." 13 Pa.C.S. §3301 (West 1984). Obviously, there is no language in this section which requires that Peaceman possess the original of the instrument in order to assert his rights. In fact, this section does not define "holder" at all. Holder is defined in code section 1-201(20) as "a person who is in possession of a document of title or an instrument or an investment or security drawn, issued or endorsed to him or to his order or to bearer or in blank." 13 Pa.C.S. §1-201. While this section clearly contemplates possession of the instrument, it does not state that to be a holder, *the original* copy of the instrument must be possessed. In the present case, appellant has admitted the authenticity of the copy of the certificate of deposit which was presented by Peaceman. Possession of the original is a manifest impossibility since the certificate was improperly redeemed by appellant. Appellant cannot, however, be permitted to dodge its responsibilities through inventive technicalities. In any event, even if possession of the original was required by the code, section 3-804 affords Peaceman relief as the holder of a lost instrument. This section provides:

*v. York Bank & Trust Co.,* 69 F.3d 695, 699 n.1 (3d Cir. 1995) (citing *Menichini v. Grant,* 995 F.2d 1224, 1229 n.5 (3d Cir. 1993); *Travelers Indem. Co. v. Stedman,* 910 F. Supp. 203, 207 (E.D. Pa. 1995).

"[t]he owner of an instrument which is lost, whether by destruction, theft or otherwise, may maintain an action in his own name and recover from any party liable thereon upon due proof of his ownership, the facts which prevent his production of the instrument and its terms." 13 Pa.C.S. §3804 (1980).

Peaceman may have lost possession and custody of the original certificate of deposit, but appellant has admitted his ownership. As noted in *Dluge v. Robinson,* in the absence of actual possession, ownership usually depends upon proof that the holder did not voluntarily surrender his possession. *Id.* at 408, 204 A.2d at 281. Peaceman could not have voluntarily relinquished his possession of the certificate as he was not even aware of its existence until well after it had been improperly redeemed. In *Dluge,* the plaintiffs could not prove that the checks were lost or that they were the owners of the instruments. *Id.* That is simply not the case here. "An article is 'lost' when the owner has lost the possession or custody of it, involuntarily and by any means . . . ." *Id.* (citing Black's Law Dictionary, 4th ed., p. 1096). The certificate of deposit was lost to Peaceman, and his ownership is undisputed.

Appellant also argues that since the action is based upon the certificate, 13 Pa.C.S. §3501 requires Peaceman to present the instrument or supply evidence of an excuse for nonpresentment, neither of which are asserted. Presentment is defined in the code as "a demand for acceptance or payment made upon the maker, acceptor, drawee or other payor by or on behalf of the holder." 13 Pa.C.S. §3504(a). In the present case, Peaceman made demand for payment through several letters from his attorney to appellant, one of which was attached to his complaint. That letter references two prior letters to appellant and specifically states:

"Demand is hereby made on behalf of my client for payment of the certificate of deposit together with accrued interest at the market rate for six-month certificate of deposits which have been automatically reinvested at the end of each term since May 4, 1982." This letter constitutes presentment. Cf. *Dluge, supra* at 407, 204 A.2d at 280 (finding no presentment made where plaintiffs did not offer letter of presentment or any evidence as to when it was sent or received). Hence, contrary to appellant's assertions, Peaceman fulfilled the requirements imposed by the commercial code in demanding payment on the certificate of deposit. Since there were no genuine issues of material fact as to Peaceman's right to recover against the bank, summary judgment was thus properly entered against appellant.

III. *This Court Properly Found That Peaceman's Claim Was Within the Statute of Limitations*

In support of its claim that Peaceman's suit was time-barred, appellant has advanced an argument that at best is perhaps creative, at worst is difficult to decipher, and in any case, is untenable. Before attempting to untangle the knotted tendrils of appellant's argument, though, we must first find the applicable statute of limitations.

While the 1992 revisions of the Pennsylvania Uniform Commercial Code provide for a six-year statute of limitations for an action on a certificate of deposit,[5] the former version of the UCC did not specify a statute of limitations. Therefore, we must look to supplementary provisions of Pennsylvania law. See 13 Pa.C.S. §1103

---

5. The revised statute contains a uniform statute of limitations provision at 13 Pa.C.S. §3118, which includes a provision for certificates of deposit at subsection (e).

(supplementary general principles of law applicable to commercial transactions). The applicable Pennsylvania statute specifies a four-year statute of limitations for:

"[a]n action upon a negotiable or nonnegotiable bond, note or other similar instrument in writing. Where such an instrument is payable upon demand, the time within which an action on it must be commenced shall be computed from the later of either demand or any payment of principal of or interest on the instrument." 42 Pa.C.S. §5525(7) (1984).[6]

Under this statute, we would compute the statute of limitations as four years from the time of demand. Section 3122(b) of the code affirms that the cause of action begins to accrue from the time of demand. This section provides that, "[a] cause of action against the obligor of a demand or time certificate of deposit accrues upon demand, but demand on a time certificate may not be made until on or after the date of maturity." 13 Pa.C.S. §3122(b).

Armed with this provision, appellant argues that while demand cannot be made until maturity, "the law invokes a reasonable time within which demand should be made," and, "[i]f a reasonable time was invoked by this court, plaintiff's failure to file an action on a certificate which matured on November 2, 1982 until October 18, 1994 would be deemed beyond the applicable statute of limitations." (See appellant, PNC Bank National Association's concise statement of matters complained of, paragraph 7(a).) The only Pennsylvania authority appellant cited for its "reasonable time" theory was *Bell, Secretary of Banking v. Brady,* 346 Pa. 666, 31 A.2d 547 (1943) and *Gurenlian v. Gurenlian,* 407

---

6. Subsections (5) through (8) were added in 1982.

Pa. Super. 102, 595 A.2d 145 (1991). Neither of these cases persuade us to adopt appellant's theory.

Unlike the instant case, *Gurenlian* was one in which demand was not necessary to perfect the cause of action. See *Gurenlian, supra* at 113, 595 A.2d at 150. Moreover, this case concerned an oral agreement to make payment, and the court did not decide whether the statute of limitations began to run after a reasonable time. *Id.* As for *Bell,* the court was deciding when the receiver of an insolvent bank should have demanded payment from stockholders to trigger the statute of limitations. *Bell, supra* at 670, 31 A.2d at 550. The court observed that: "while the statute ordinarily runs from the making of a demand where such demand is necessary to furnish a cause of action . . . where the time of demand is within the control of the plaintiff the demand must be made *within a reasonable time.* The statute cannot be extended by the plaintiff's act or failure to act; he cannot arrest the running of the statute by his own negligence or for his own convenience." *Id.* at 670, 31 A.2d at 549-50). (emphasis in original) (footnote omitted)

In addition to the obvious factual dissimilarities, the instant case is also distinguishable because Peaceman did not willfully drag his feet through his own negligence or for his own convenience. On the contrary, when he became aware of the existence of the certificate of deposit, he promptly demanded payment, and then promptly filed suit. Even if he had been aware of the certificate's existence prior to the summer of 1994, because of the restriction on the certificate, the earliest date on which he could possibly have demanded payment would have been December 7, 1990, the date of his 18th birthday. Thus, without deciding whether a "reasonable time" for demand requirement is implicit

in section 3122(b), we find that Peaceman did make demand within a reasonable time. Cf. *Flanagan v. Fidelity Bank*, 438 Pa. Super. 516, 518, 652 A.2d 930, 931 (1995) (referring to unappealed trial court decision that bank would have to honor CD purchased in 1968 and presented for payment in 1990). In any event, section 3122(b) is clear on its face. Since the cause of action accrues on demand, the statute began to run when Peaceman first made demand for payment, which at the earliest was July 28, 1994.[7] He filed suit on October 18, 1994, well within the four-year statute of limitations imposed by 42 Pa.C.S. §5525(7).

This case is one in which the plaintiff was blameless.[8] He was a minor at the time the events in this case took place and incapable of asserting his own rights, including the right to payment from appellant. The appellant had an obligation to safeguard Peaceman's funds. It failed to do so and must now be held accountable.

## CONCLUSION

Based on the foregoing analysis this court's March 13, 1996 order granting summary judgment in favor of the plaintiff, Brian Alan Peaceman, and against defendant, PNC Bank N.A., in the amount of certificate of deposit, certificate number 981884, account number 025-087-2, together with accrued interest should be affirmed.

---

7. The October 4, 1994 demand letter to appellant from Peaceman's attorney states that the first correspondence with the bank concerning the certificate of deposit was dated July 28, 1994.

8. Cf. *Menichini v. Grant, supra.* at 1229 (Third Circuit refused to apply discovery rule to two-year statute of limitations in conversion in part because it was not case of "blameless ignorance" but rather situation where plaintiff ignored obvious risk).