**Erin WOMELDORF, a minor by her parent and natural guardian, Richard WOMELDORF, and Richard Womeldorf, in his own right, Appellants,**

**v.**

**Randall F. COOPER, Bonnie S. Suboski and Dunnstable Township.**

Commonwealth Court of Pennsylvania.

Argued Dec. 8, 1994.

Decided Jan. 30, 1995.

Paul Z. Czech, for appellants.

Jonathan E. Butterfield, for appellee Randall F. Cooper.

Before COLINS, President Judge, and NEWMAN, J., and NARICK, Senior Judge.

NEWMAN, Judge.

Erin Womeldorf and her father Richard Womeldorf (Womeldorfs) appeal an order of the Court of Common Pleas of Clinton County (trial court) that sustained Randall F. Cooper's (Cooper's) preliminary objections and dismissed the Womeldorfs' complaint against him. For the reasons that follow, we quash the appeal.

On October 11, 1991, the Womeldorfs filed a complaint against multiple defendants seeking damages for injuries that Erin sustained in an accident while a passenger in Cooper's automobile on October 20, 1989. On January 28, 1994, Cooper filed preliminary objections contesting the trial court's personal jurisdiction because the Womeldorfs failed to serve him properly with a writ of summons or a complaint. In an interlocutory order dated March 30, 1994, the trial court sustained the preliminary objections.

On April 29, 1994, pursuant to an application by the Womeldorfs, the trial court amended its order of March 30, 1994 to include the following paragraph:

This order involves a controlling question of law as to which there is substantial ground for difference of opinion and an immediate appeal from the Order may materially advance the ultimate termination of the matter.[1] (Footnote added).

On May 26, 1994, the Womeldorfs filed with this court a petition for permission to appeal. On June 10, 1994, this court issued a *per curiam* order stating that it would treat the petition for permission to appeal as a notice of appeal. The order further stated that it was entered without prejudice to Cooper to file a motion to quash. On July 15, 1994, Cooper filed a motion to quash, to which the Womeldorfs filed a response on July 22, 1994.

On appeal to this court, the Womeldorfs raise the issue of whether the trial court abused its discretion or committed error of law in dismissing the complaint against Cooper for lack of jurisdiction. However, before reaching this issue we must address the question raised in Cooper's motion to quash, namely, whether Pa.R.A.P. 341(c) establishes the exclusive method by which a plaintiff may appeal an order dismissing less than all defendants, or whether the plaintiff may pursue an interlocutory appeal by permission.

*Interlocutory Appeal by Permission*

Our review of the pleadings filed in the trial court and in this court indicates that the Womeldorfs acted as follows when they received the trial court's order dated March 30, 1994. First, they consulted Pa.R.A.P. 312 (Interlocutory Appeals by Permission) that states:

An appeal from an interlocutory order may be taken by permission pursuant to Chapter 13 (interlocutory appeals by permission).

They next considered Pa.R.A.P. 1311 (Interlocutory Appeals by Permission), which states in relevant part:

(a) General Rule. An appeal may be taken by permission under 42 Pa.C.S. § 702(b) (interlocutory appeals by permission) from any interlocutory order of a lower court or other government unit. See Rule 312 (interlocutory appeals by permission).

(b) Petition for Permission to Appeal. Permission to appeal from an interlocutory order containing the statement prescribed by 42 Pa.C.S. § 702(b) may be sought by filing for permission to appeal with the prothonotary of the appellate court within 30 days after the entry of such order in the lower court or other government unit. . . .

Thirdly, they consulted Section 702(b) of the Judicial Code, 42 Pa.C.S. § 702(b) that provides:

Interlocutory appeals by permission. When a court or other government unit, in

---

1. *See* Section 702(b) of the Judicial Code, 42 Pa.C.S.A. § 702(b).

making an interlocutory order in a matter in which its final order would be within the jurisdiction of an appellate court, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate determination of the matter, it shall so state in such order. The appellate court may thereupon, in its discretion, permit an appeal to be taken from such interlocutory order.

Based on the above-cited rules and statute, the Womeldorfs filed with the trial court a pleading entitled "Application for Amendment of Interlocutory Order of March 30, 1994, to Set Forth the Statement Specified in 42 Pa.C.S. § 702(b) Pursuant to Unamended Pa.R.A.P. 1311(b)."[2] The trial court amended its order on April 29, 1994. On May 28, 1994, relying on Pa.R.A.P. 1311(b), the Womeldorfs filed their petition for permission to appeal, which this court treated as a notice of appeal.

### Pa.R.A.P. 341

Pa.R.A.P. 341 (Final Orders; Generally), which was amended May 6, 1992, states in relevant part:

(a) General Rule. Except as prescribed in subdivisions (d) and (e) of this rule, an appeal may be taken as of right from any final order of an administrative agency or lower court.

(b) Definition of Final Order. A final order is any order that:

(1) disposes of all claims of all parties; or

(2) any order that is expressly defined as a final order by statute; or

(3) *any order entered as a final order pursuant to subsection (c) of this rule.*

(c) *When more than one claim for relief is presented in an action,* whether as a claim counterclaim, cross-claim, or third party claim *or when multiple parties are involved,* the trial court or other governmental unit may enter a final order as to one or more *but fewer than all the claims or parties* only upon an express determination that an immediate appeal would facilitate resolution of the entire case. *Such an order becomes appealable when entered.* In the absence of such a determination and entry of a final order, any order of other form of decision that adjudicates fewer than all the claims or parties shall not constitute a final order.

(1) An order may be amended to include the determination of finality within 30 days of entry of the order. *A notice of appeal* or a petition for review may be filed within 30 days after entry of an order as amended, unless a shorter period of time is provided in Rules 903(c) or 1521(b). (Emphasis added.)

By order dated January 10, 1994, our Supreme Court made the May 6, 1992 amendments to Pa.R.A.P. 341 applicable to all orders entered on or after March 1, 1994, despite the date the action was originally commenced. Therefore, this rule was in effect on April 29, 1994, when the trial court issued its amended order.

### Effect of Pa.R.A.P. 341

The effect of the 1992 amendments to the Rules of Appellate Procedure was to create two classes of interlocutory orders that are not appealable as of right[3]: 1) orders that dispose of less than all claims or parties, and 2) all other interlocutory orders. Appeals from interlocutory orders that dispose of less than all claims or parties are governed by Pa.R.A.P. 341(c). Appeals from all other interlocutory orders are governed by Pa.

---

**2.** Our review of the application indicates that the Womeldorfs were under the mistaken belief that the May 6, 1992 amendments to Pa.R.A.P. 1311 did not apply to cases commenced on or before July 6, 1992. However, by order dated January 10, 1994, the Supreme Court made the May 6, 1992 amendments to Pa.R.A.P. 1311 applicable to all orders entered on or after March 1, 1994, regardless of the date the action was originally commenced in a court. Because the order con-

taining the statement prescribed by Pa.C.S. § 702(b) was entered on April 29, 1994, amended Rule 1311 applies. We note that the portion of Pa.R.A.P. 1311(b) relied upon by Petitioners was not changed as a result of the amendments.

**3.** Pa.R.A.P. 311 governs interlocutory appeals as of right.

R.A.P. 312. Because the order in the instant case involved only one of several defendants, the Womeldorfs should have followed the procedures set forth in Pa.R.A.P. 341(c).

Pursuant to Pa.R.A.P. 341(c), once a trial court makes a determination "as to one or more but fewer than all of the claims or parties," and "that an immediate appeal would facilitate a resolution of the entire case," it enters a final order. In his motion to quash, Cooper maintains that when the trial court entered its order dated April 29, 1994, stating that "an immediate appeal from the Order may materially advance the ultimate termination of the matter," it entered a final order pursuant to Pa.R.A.P. 341(c). We agree.

Since the order that the Womeldorfs sought to appeal was a final order, they were obligated to file a notice of appeal within thirty days pursuant to Pa.R.A.P. 902 and 903. Rather than filing the required notice of appeal with the trial court, they filed a petition for permission to appeal.

This court cannot permit a party to appeal a final order by means of the procedure established for appealing interlocutory orders by permission. In *Thermo–Guard, Inc. v. Cochran*, 408 Pa.Superior Ct. 54, 596 A.2d 188 (1991), parties sought permission to appeal from final decrees in equity that were appealable as of right. The Superior Court noted:

> Permission to appeal may not be granted where the order appealed from is already appealable as of right. Nothing in the statute or rules governing appeals by permission refers to such appeals as an alternative method of appealing an order as of right. Rather, Pennsylvania Rule of Appellate Procedure 902 provides that an appeal as of right, which includes appeals from final orders, '*shall* be taken by filing a notice of appeal with the clerk of the lower court within the time allowed by Rule 903 (time for appeal).' (emphasis

added). The rule provides of no exceptions.

*Id.* at 61, 596 A.2d at 192.

 Furthermore, no rule of appellate procedure permits this court to treat an improvidently filed petition for permission to appeal as a notice of appeal. While Pa. R.A.P. 1103 provides that our Supreme Court shall regard an improvidently filed petition for allowance of appeal as a notice of appeal, a similar procedure does not exist in this court. Therefore, because Petitioners failed to file a notice of appeal, we are constrained to quash this appeal.[4]

### ORDER

AND NOW, January 30, 1995, we quash the instant appeal.

---

4. Our disposition of this matter does not preclude the Womeldorfs from raising the issue of the trial court's dismissal of the complaint against Cooper on appeal after the entry of a final order disposing of all claims and all parties.