657 A.2d 1001

**Neil BONNER, Appellant,**

v.

**Norman FAYNE, R.K.R. Hess Associates, Joseph Martin, t/a Martin Construction, and Supermason Enterprises, Inc., Appellees.**

Superior Court of Pennsylvania.

Argued March 16, 1995.

Filed May 3, 1995.

Mark J. Smith, Philadelphia, for appellant.

Jonathan Mark, Stroudsburg, for appellee R.K.R. Hess Associates.

Before HUDOCK, SAYLOR and HESTER, JJ.

HUDOCK, Judge:

This is an appeal from the summary judgment entered on July 11, 1994, in favor of defendant R.K.R. Hess Associates (RKR) and against Appellant.[1] This action arose as a result of Appellant's fall of approximately fifty feet into an air shaft between two buildings owned by Norman Fayne (Fayne). Fayne hired RKR, an architectural/engineering firm, to draw plans for renovation of three buildings owned by Fayne. The buildings are linked by a series of walkways with railings and ladder stairways. On the night of February 13, 1990, Appellant was attending a party in Apartment 10 of one of the buildings. It was possible to access the roof and connecting walkways by means of exiting windows in the apartment which

---

1. The summary judgment also dismissed the counter-claims against RKR by the other defendants.

was located on the third floor of the building. The walkway connecting the building's upper roof to a middle roof of the adjacent building involved a ladder stairway between the two walkways. During renovation, the ladder was removed, leaving the two walkway railings disconnected. An air shaft was created between the two buildings with a wire mesh positioned over the air shaft. At some point in the evening, Appellant left the party and the apartment by means of a window. Appellant allegedly fell. He is unable to remember anything that happened after the accident, and there were no eyewitnesses to the accident. He was found at the bottom of the air shaft in the early morning hours of February 14, 1990. As a result of the fall he sustained severe injuries requiring extensive surgery. Appellant brought an action against Fayne, RKR, and the subcontractor, Joseph Martin, t/a Martin Construction (Martin). RKR, Martin, and Fayne joined Supermason Enterprises, Inc. (Supermason) as an additional defendant.

Preliminary objections by RKR were granted striking part of the allegations of Appellant's complaint. After answering, RKR filed a motion for summary judgment which is the subject of this appeal. We quash.

Appellant raises the following issues in his appeal:

I. Whether the court below erred in granting [Appellees'] Motion for Summary Judgment when the evidence, seen in the light most favorable to [Appellant], clearly raised an inference as to how [Appellant] fell down an air shaft even though there is no direct evidence of how [Appellant] fell.

II. Whether the court below erred in finding that, as a matter of law, [Appellee RKR] had no duty to an injured party whose injuries were caused by a man-made defect in property, when [Appellee RKR] undertook to advise the owner of the property concerning the removal of a stairway which resulted in the creation of the defect.

Appellant's Brief at p. 3.

We must first determine whether this appeal is properly before us because it is from an order granting summary

judgment as to only one of several defendants named in the complaint filed by Appellant. Pennsylvania Rule of Appellate Procedure 341(c), which was amended May 6, 1992, reads:

> **(c)** When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim or when multiple parties are involved, the trial court or other governmental unit may enter a final order as to one or more but fewer than all of the claims or parties only upon an express determination that an immediate appeal would facilitate resolution of the entire case. Such an order becomes appealable when entered. In the absence of such a determination and entry of a final order, any order or other form of decision that adjudicates fewer than all the claims or parties shall not constitute a final order.

Pa.R.A.P. 341(c), 42 Pa.C.S.A. By order dated January 10, 1994, our Supreme Court made the May 6, 1992 amendments to Rule 341 applicable to all orders entered on or after March 1, 1994, regardless of the date the action was originally commenced. Therefore, this amended rule was in effect at the time the court entered summary judgment in this matter on July 11, 1994. As the Commonwealth Court recently held in *Womeldorf by Womeldorf v. Cooper*, —— Pa.Commw. ——, 654 A.2d 238 (1995):

> The effect of the 1992 amendments to the Rules of Appellate Procedure was to create two classes of interlocutory orders that are not appealable as of right: 1) orders that dispose of less than all claims or parties, and 2) all other interlocutory orders. Appeals from interlocutory orders that dispose of less than all claims or parties are governed by Pa.R.A.P. 341(c). Appeals from all other interlocutory orders are governed by Pa.R.A.P. 312.

*Id.*, 654 A.2d at 240–41 (footnote omitted). As the notes accompanying Rule 341 state:

> The following is a partial list of orders previously interpreted by the courts as appealable as final orders under Rule 341 that are no longer appealable as of right unless the trial court or administrative agency makes an express deter-

mination that an immediate appeal would facilitate resolution of the entire case and expressly enters a final order pursuant to Rule 341(c):

\* \* \* \* \* \*

(4) an order dismissing an action as to less than all plaintiffs or as to less than all defendants but leaving pending the action as to other plaintiffs and other defendants[.]

Notes, Pa.R.A.P. 341.

The order involved in our present case reads as follows:

**AND NOW,** this 11th day of July, 1994, upon consideration of the Motion for Summary Judgment of Defendant RKR Hess Associates, **IT IS HEREBY ORDERED** that the Motion is **GRANTED.** Judgment is entered in favor of Defendant RKR Hess and against Plaintiff Neil Bonner on the Complaint.

Judgment is entered in favor of Defendant RKR Hess Associates on the cross-claims filed by Defendants Norman Fayne, Joe Martin Contracting, and Supermason Enterprises, Inc. The Complaint and cross-claims are dismissed as to RKR Hess Associates.

Order, 7/11/94, at p. 1.

The order grants summary judgment in favor of only RKR but leaves Fayne, Martin, and Supermason in place. Therefore, the court did not enter a summary judgment dismissing the action against *all* parties. Similarly, the record shows no modification to this order and, therefore, does not show an "express determination that an immediate appeal would facilitate resolution of the entire case." Pa.R.A.P. 341(c). This appeal is premature, and we therefore must quash it.

Appeal quashed.