J-A17017-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| JOSEPH WORRELL AND ANN WORRELL, H/W, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellants | |
| v. | |
| THE CUTLER GROUP, INC., | |
| Appellee | No. 263 EDA 2015 |

Appeal from the Order Entered December 22, 2014
In the Court of Common Pleas of Chester County
Civil Division at No(s): 2010-08568

BEFORE:  GANTMAN, P.J., BENDER, P.J.E., and OTT, J.

MEMORANDUM BY BENDER, P.J.E.:                **FILED JULY 16, 2015**

Joseph and Ann Worrell (the Worrells) appeal from the order entered December 22, 2014, granting The Cutler Group, Inc.'s (Cutler) motion for summary judgment and dismissing the Worrells' claims against Cutler. Following our review of the record, it is apparent that the order issued by the trial court does not dispose of all claims and all parties.  Accordingly, we quash.

The Worrells, along with several other groups of plaintiffs,[1] commenced this litigation in 2010, asserting breach of contract, breach of

---

[1] Plaintiffs included the following: Glenn and Wendy Diehl, h/w; Daniel and Susan Scott, h/w; Gayathri and Sriram Krishnan, h/w; Rashmi Radhakrishnan and Lisa Parviskhan; and Joseph and Ann Worrell, h/w.

express warranty, breach of implied warranty, and violation of the Unfair Trade Practices and Consumer Protection Law (UTPCPL), 73 P.S. §§ 201-1 – 201-9.3.[2] According to the plaintiffs, Cutler constructed their homes using an inferior stucco cladding system, which permitted moisture infiltration resulting in structural damage to their homes.

In July 2011, the trial court sustained certain preliminary objections filed by Cutler, dismissing the Worrells' claims with prejudice. The Worrells filed a motion for reconsideration. Thereafter, in January 2013, the trial court granted reconsideration, reversed its prior determination, and overruled the preliminary objections, thus reinstating the Worrells' claims.

Throughout this period, settlement negotiations proceeded. In March and December 2013, Cutler submitted settlement conference memoranda. From these, we infer that the Scotts, the Diehls, as well as Mr. Radhakrishnan and Ms. Parviskhan agreed to settlement terms with Cutler. Thus, in January 2014, the remaining plaintiffs were the Worrells and the Krishnans.[3]

_____

[2] In February 2011, plaintiffs filed an amended complaint. In it, the Worrells abandoned their claim for breach of contract.

[3] The March 2013 memorandum states explicitly that the Scotts settled with Cutler. This is confirmed by the Chester County docket, which indicates that, in September 2012, this matter was discontinued as to plaintiffs Daniel and Susan Scott. The March 2013 memorandum also sets forth the terms of settlement offers extended to the Diehls, Mr. Radhakrishnan, and Ms. Parviskhan, but suggests the offers were rejected. Nevertheless, the
*(Footnote Continued Next Page)*

In April 2014, Cutler filed a motion for summary judgment, limited to the Worrells, asserting their claims were precluded by a settlement agreement reached in a parallel case brought by the Worrells' insurance carrier. *See* Cutler's Motion for Summary Judgment, 04/10/2014. The trial court denied the motion, noting that the terms of the settlement agreement did not extend to claims for damages not reimbursed by their insurance. *See* Trial Court Order, 07/03/2014.

In September 2014, Cutler filed a second motion for summary judgment, limited to the Worrells. Cutler noted that the Worrells did not purchase their home directly from Cutler. According to Cutler, the absence of privity between the Worrells and Cutler extinguished the Worrells' claims. *See* Cutler's Motion for Summary Judgment, 09/09/2014, at 2-3 (citing in support ***Conway v. Cutler Group, Inc.***, 99 A.3d 67 (Pa. 2014)). The trial court granted Cutler's motion on this ground and dismissed the Worrells' claims with prejudice. *See* Trial Court Order, 12/22/2014 (December 22nd Order).

The Worrells timely appealed and filed a court-ordered Pa.R.A.P. 1925(b) statement. The trial court did not issue a responsive opinion but

*(Footnote Continued)* ⸻

December 2013 memorandum does not identify these plaintiffs and omits reference to pending settlement negotiations with them, focusing instead on the Worrells and the Krishnans. Unfortunately, however, the docket is silent regarding any disposition of the claims alleged by the Diehls, Mr. Radhakrishnan and Ms. Parviskhan.

adopted the reasoning set forth in the December 22nd Order. Contemporaneous with the Worrells' notice of appeal, the Krishnans sought and were granted a trial continuance. **See** Trial Court Order, 01/27/2015.

In this appeal, the Worrells assert that the absence of privity between Cutler and themselves does not preclude a claim under the UTPCPL. **See** Appellants' Brief at 8. However, preliminarily, we must address our jurisdiction to entertain this appeal. **See Riley v. Farmers Fire Ins. Co.**, 735 A.2d 124, 127 (Pa. Super. 1999) ("[T]he appealability of an order is a question of jurisdiction and may be raised *sua sponte*.").

Generally, only final orders are appealable. **Compare Weible v. Allied Signal, Inc.**, 963 A.2d 521, 524-25 (Pa. Super. 2008) (permitting an appeal where a trial court order, which declared a case settled as to all remaining parties, had rendered prior grants of summary judgment final for purposes of appeal), **with Bonner v. Fayne**, 657 A.2d 1001, 1002-03 (Pa. Super. 1995) (quashing an appeal from a grant of summary judgment that dismissed an action as to fewer than all defendants); **see also** Pa.R.A.P. 341(b)(1) ("A final order … disposes of all claims and of all parties[.]"). There are exceptions to the general rule. **See** Pa.R.A.P. 341(b)(2), (3) (providing that a final order may also be defined as such by statute or designated final under circumstances in which an immediate appeal would facilitate resolution of the case); **see also, e.g.**, Pa. R.A.P. 313(a) ("An appeal may be taken as of right from a collateral order[.]").

In February 2015, this Court issued a rule, directing the Worrells to show cause as to the basis of our jurisdiction to entertain their appeal. *See* Order of Court, 02/06/2015. The Worrells responded, asserting: (1) at some point, the trial court had severed the remaining claims before it;[4] and (2) the December 22nd Order disposed of all claims brought by the Worrells. *See* Appellants' Response, 02/17/2015. Nevertheless, the Worrells acknowledged that no order of court, or docket entry, confirms a severance occurred and that no disposition had been entered on behalf of the Krishnans. *Id.*

We have reviewed the record. As acknowledged by the Worrells, nothing in the record confirms that the trial court severed the Worrells' claims from others remaining before it. At the very least, the Krishnans maintain claims against Cutler. Moreover, despite implications in the record that certain other parties have settled with Cutler, there is no recorded

---

[4] Although the Worrells suggest the trial court "orally bifurcated" the claims before it, *see* Appellants' Response, 02/17/2015, at 1, clearly the Worrells intended to suggest "severance." *See DiDio v. Phila. Asbestos Corp.*, 642 A.2d 1088, 1093 (Pa. Super. 1994) (describing "a pivotal difference between bifurcation and severance: [w]hile the two phases of a bifurcated proceeding are viewed as two halves of a single proceeding, a severance of actions effects a splitting of them into one or more independent actions for all purposes, including trial and appellate procedure") (internal punctuation and citations omitted).

disposition of the claims alleged by the Diehls, Mr. Radhakrishnan and Ms. Parviskhan.

Thus, the December 22nd Order is not final.  **See** Pa.R.A.P. 341(b)(1). Moreover, the trial court has not designated the December 22nd Order final under circumstances in which an immediate appeal would facilitate resolution of the case.  **See** Pa.R.A.P. 341(b)(3).  Accordingly, we quash.[5]

Rule Discharged.  Appeal quashed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 7/16/2015

---

[5] A review of our docket reveals that the rule issued by order entered February 6, 2015, has not been discharged.  The Court having received a response, the rule is hereby discharged.